JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06326-RGK (PLAx) | | Date | August 15, 2012 |
|---|---|---|---|---|
| Title | ***BOTACH MANAGEMENT GROUP v. LANDMARK AMERICAN INSURANCE COMPANY et al.*** | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| S. Williams, not present | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On July 23, 2012, Defendants First Specialty Insurance Corporation; Swiss Re Life and Health America, Inc.; and Landmark American Insurance Company (collectively, the "Removing Defendants") removed this action from the Los Angeles County Superior Court to the United States District Court, Central District of California on the basis of diversity of citizenship.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumptions against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Federal jurisdiction based on diversity of citizenship requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Because Plaintiff is a California partnership and the Removing Defendants have failed to demonstrate that Defendant John Gurash ("Gurash") is not a citizen of California, Defendants have failed to meet their burden of demonstrating the complete diversity of the parties.

The Removing Defendants assert that, even if Gurash were a California citizen, he is fraudulently joined and should therefore not be considered for purposes of determining diversity jurisdiction. The Removing Defendants are correct that complete diversity is not required when a non-diverse defendant has been fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). According to the Ninth Circuit, "[i]f the plaintiff fails to state a cause of

action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The removing party bears the burden of proving fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The case must be remanded "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

      Defendants contend that Gurash cannot be liable for the pleaded claims for breach of contract and breach of the implied covenant of fair dealing because he is not a party to an insurance contract. Plaintiff alleges in its Complaint, however, that Plaintiff "entered into a written agreement . . . with each Defendant to insure the Property." (Compl. ¶ 18.) Plaintiff therefore does allege that it entered into an insurance contract with Gurash, one of the Doe Defendants against whom the breach of contract claim was originally brought. Because the Removing Defendants fail to foreclose the possibility that Gurash was in fact a party to an insurance contract or that Plaintiff could cure the purported deficiency through amendment, Defendants have failed to meet their burden of proving fraudulent joinder. Defendants have therefore failed to demonstrate that Gurash's citizenship should not be considered for purposes of determining diversity jurisdiction.

      For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

      **IT IS SO ORDERED.**

                                                                                                  :

Initials of Preparer